# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | Case No. CR407-122 |
| | ) | |
| SHAWN HAMILTON | ) | |

## REPORT AND RECOMMENDATION

Presently before the Court is Shawn Hamilton's "motion for relief." (Doc. 139.) He asserts that he was wrongly sentenced under the Armed Career Criminal Act, 18 U.S.C. § 924(e), applying the reasoning expressed in the recent Supreme Court case *Descamps v. United States*, ___ U.S. ___, 133 S. Ct. 2276 (2013). He asks for appointment of counsel. (*Id.* at 3.)

Hamilton, however, offers no legal theory authorizing the Court to explore the matter. As the government explains in its response (doc. 140), his motion is, in effect, a 28 U.S.C. § 2255 motion in disguise, and it should be so characterized. Since the Court has already denied a § 2255 motion attacking the same sentence, *Hamilton v. United States*, No.

CV409-102, doc. 18 (S.D. Ga. Apr. 6, 2010), it lacks jurisdiction to consider Hamilton's new claim.

As this is a successive motion, Hamilton must first "move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A); *see* 28 U.S.C. § 2255(h) (cross-referencing § 2244 certification requirement). In fact, this Court *must* dismiss second or successive petitions, without awaiting any response from the government, absent prior approval by the court of appeals. *Tompkins v. Sec'y, Dep't of Corrs.*, 557 F.3d 1257, 1259 (11th Cir. 2009); *Nunez v. United States*, 96 F.3d 990, 991 (7th Cir. 1996); *see also Hill v. Hopper*, 112 F.3d 1088, 1089 (11th Cir. 1997). Because Hamilton has filed this latest § 2255 motion without prior Eleventh Circuit approval, this Court is without jurisdiction to consider it. Accordingly, it is recommended that the instant filing be construed as a § 2255 motion and that it be **DISMISSED** as successive. His request for appointment of counsel should also be **DENIED**.

Additionally, applying the Certificate of Appealability ("COA") standards set forth in *Brown v. United States*, 2009 WL 307872 at * 1-2 (S.D. Ga. Feb. 9, 2009) (unpublished), the Court discerns no COA-worthy

issues at this stage of the litigation, so no COA should issue. 28 U.S.C. § 2253(c)(1); *see Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (approving *sua sponte* denial of COA before movant filed a notice of appeal). And, as there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith. Thus, *in forma pauperis* status on appeal should likewise be **DENIED**. 28 U.S.C. § 1915(a)(3).

**SO REPORTED AND RECOMMENDED** this 25TH day of September, 2013.

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA